**John L. LEWIS, Charles A. Owen and Josephine Roche, as Trustees of The United Mine Workers of America Welfare and Retirement Fund, Plaintiff,**

v.

**Thomas A. HOFRICHTER, individually and trading as Hofrichter Coal, Defendant.**

Civ. A. No. 14877.

United States District Court
W. D. Pennsylvania.

May 12, 1958.

Alexander Unkovic, of Kountz, Fry & Meyer, Pittsburgh, Pa., for plaintiffs.

Martin E. Geary, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This suit in behalf of The United Mine Workers of America Welfare and Retirement Fund for breach of contract was administered by non-jury trial.

The pertinent coal tonnage figures under the terms and provisions of the divers contracts have been stipulated.

Defendant admits the efficacy of Contract No. 3, and admits liability in this connection to plaintiff in the amount of $693.30. Defendant denies execution of Contracts 1, 2 and 4. It is not in dispute that if all the contracts were legally valid that defendant would owe plaintiff $5,078.90.

In view of the crucial issue presented as to the authenticity of the signatures appended to the different contracts and the failure of either party to offer expert testimony upon which a conclusion might be premised, the court in an effort to secure assistance in resolving the dispute, and with the consent of the parties, invoked the services of the handwriting expert division of the Federal Bureau of Investigation.

On the basis of said findings together with an evaluation of the testimony, interrogatories, exhibits and stipulations, the court enters the following Findings of Fact and Conclusions of Law.

## Findings of Fact

1. Plaintiffs and Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, a charitable trust with its residence and place of business at 907 Fifteenth Street, Northwest, in Washington, District of Columbia. Trustee John L. Lewis is a citizen of the State of Illinois. Trustee Charles A. Owen is a citizen of the State of Florida. Trustee Josephine Roche is a citizen of the State of Colorado. Defendant Thomas A. Hofrichter is a citizen of the Commonwealth of Pennsylvania and is engaged in certain coal mining operations in the Commonwealth of Pennsylvania, operating as Hofrichter Coal. Defendant Thomas A. Hofrichter resides at 279 Gilkeson Road, Pittsburgh 28, Pennsylvania.

2. The amount in controversy, exclusive of interest and costs, exceeds $3,000.

3. The said Welfare and Retirement Fund was created by contract dated March 5, 1950, between United Mine Workers of America and the Bituminous Coal Operators' Association.

4. A. Defendant produced for use or sale during the period December 1, 1950 to and including March 31, 1956, the following coal tonnage:

| Year | | Tonnage |
|------|------|---------|
| 1951 | | 2,979 tons |
| 1952 | (January through September) | 2,206 tons |
| 1952 | (October through December) | 1,200 tons |
| 1953 | | 2,272 tons |
| 1954 | | 2,010 tons |
| 1955 | | 2,168 tons |
| 1956 | (January through March) | 776 tons |

B. For the period December 1, 1950 to September 30, 1952, defendant produced for use or sale 5,695 tons. This tonnage multiplied by 30¢ equals $1,708.50.

C. For the period October, 1952 through March, 1956, defendant produced for use or sale 8,426 tons. This tonnage multiplied by 40¢ equals $3,370.40.

D. $1,708.50 plus $3,370.40 makes a total amount for both periods of $5,078.90.

5. It was stipulated that there was no question as to production but the only factual question was as to contract.

6. Between the first day of December, 1950 and the 31st day of March, 1956, defendant was engaged in the business of operating a coal mine, producing coal in or about Washington County, Pennsylvania.

7. In regard to the National Bituminous Coal Wage Agreement of 1950, Plaintiff's Exhibit 1, the court finds as follows:

A. Said agreement was signed by defendant, Thomas A. Hofrichter, on or about the 30th day of November, 1950.

B. John Dresmich stated that the signature on the contract was that of Thomas A. Hofrichter.

C. John Busarello, President of District 5, United Mine Workers of America, enclosed the 1950 contract, together with a letter dated December 13, 1950, in the mail to defendant, Thomas A. Hofrichter.

D. Miss Zetz, Mr. Busarello's secretary, mailed said letter and contract.

E. The said contract was properly signed by the union.

8. In regard to the National Bituminous Coal Wage Agreement of 1950, as amended January 18, 1951, effective February 1, 1951, the court finds as follows:

A.  Defendant, Thomas A. Hofrichter, signed a contract in the presence of John Dresmich at the mine in Avella, Pennsylvania.

B.  John Busarello, President of District 5, United Mine Workers of America, enclosed the executed contract, together with a letter dated March 22, 1951, in the mail to defendant, Thomas A. Hofrichter.

C.  Miss Zetz, Mr. Busarello's secretary, mailed said letter and contract.

D.  The contract was properly signed by the union.

9.  In regard to the National Bituminous Coal Wage Agreement of 1950, as amended September 29, 1952, effective October 1, 1952, the court finds as follows:

A.  In Paragraph II of his Answer defendant admitted signing this contract.

B.  Defendant in Answer to Interrogatories filed of record, admitted signing this agreement on or about December 15, 1952.

C.  John Dresmich saw the defendant sign the contract at the mine scale office at Avella, Pennsylvania.

D.  John Dresmich picked up the signed contract from defendant on or about January 5, 1953.

E.  Defendant admitted signing this contract.

F.  Thomas G. McMillan stated that defendant had a signed copy of this contract in his possession at the time of the taking of depositions in the office of counsel for plaintiffs on August 29, 1957.

G.  John Busarello, President of District 5, United Mine Workers of America, enclosed the executed contract together with a letter dated February 17, 1953, in the mail to defendant, Thomas A. Hofrichter.

H.  Miss Zetz, Mr. Busarello's secretary, mailed said letter and contract.

I.  The contract was properly signed by the union.

J.  Defendant admitted signing this contract in 1952.

K.  Defendant admitted signing this contract the Spring after the pickets were there.

10.  In regard to the National Bituminous Coal Wage Agreement of 1950 as amended, effective September 1, 1955, the court finds as follows:

A.  In Paragraph II of his Answer defendant admitted signing this contract.

B.  Defendant in Answer to Interrogatories filed of record, admitted signing this agreement on or about August 29, 1955.

C.  Defendant's son gave John Dresmich three signed copies of the contract at the mine and stated that his father had "signed them."

D.  John Dresmich identified defendant's signature on the contract.

E.  Defendant admitted getting this 1955 agreement from John Dresmich.

F.  It was stipulated that an executed copy of this contract was in defendant's possession.

G.  John Busarello, President of District 5, United Mine Workers of America, enclosed the executed contract, together with a letter, in the mail to defendant, Thomas A. Hofrichter.

H.  Miss Zetz, Mr. Busarello's secretary, mailed said letter and contract.

11.  Defendant on or about December 30, 1950, began checking off union dues and continued to do so through April, 1957, pursuant to the National Bituminous Coal Wage Agreement of 1950 signed by the defendant on November 30, 1950, and the subsequent amendments to said Agreement.

12.  It is the policy of the United Mine Workers of America not to accept dues from coal companies unless the coal company is under contract.

13.  Defendant did not check-off union dues until after he signed a union contract.

14.  In August, 1952, after termination of employment with defendant, Joseph Hlushakow began receiving Welfare and Retirement Pension checks from

United Mine Workers of America Welfare and Retirement Fund. A miner could not receive a pension from the United Mine Workers of America Welfare and Retirement Fund unless he was employed for a coal operator who is a signatory to the National Bituminous Coal Wage Agreement.

15. Defendant has failed to pay any royalty to United Mine Workers of America Welfare and Retirement Fund. The defendant adhered to the other terms and conditions of the National Bituminous Coal Wage Agreement of 1950, the National Bituminous Coal Wage Agreement of 1950 as amended January 28, 1951, the National Bituminous Coal Wage Agreement of 1950 as amended September 29, 1952 and the National Bituminous Coal Wage Agreement of 1950 as amended, effective September 1, 1955.

16. Exhibits 1, 2, 3 and 4 would all continue to be effective even though a subsequent contract may not be signed, unless proper termination notice was given as per each respective contract.

### Conclusions of Law

1. That under the law and the evidence the court finds for plaintiffs and against defendant in the amount of $5,078.90.

2. That plaintiffs are entitled to recover from defendant the sum of $5,078.90, being the amount due under the contracts, Plaintiffs' Exhibits 1, 2, 3 and 4.

3. That defendant is indebted to plaintiffs under Plaintiffs' Exhibit 1 in the amount of $299.40.

4. That defendant is indebted to plaintiffs under Plaintiffs' Exhibit 2 in the amount of $1,409.10.

5. That defendant is indebted to plaintiffs under Plaintiffs' Exhibit 3 in the amount of $2,676.80.

6. That defendant is indebted to plaintiffs under Plaintiffs' Exhibit 4 in the amount of $693.60.

An appropriate order is entered.